**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Raymond Parker and Kyren Pinks,
individually and on behalf of others
similarly situated,

                Plaintiffs,

                              Civ. No. 06-4821 (RHK/AJB)
                          **MEMORANDUM OPINION AND**
                          **ORDER**

v.

Rowland Express, Inc., and its health and
welfare benefit plans and/or plan
administrators, John Does 1-6, and James
Rowland,

                Defendants.

Steven Andrew Smith, Robert L. Schug, Nichols Kaster & Anderson, PLLP, Minneapolis, Minnesota, for Plaintiffs.

Paulette S. Sarp, William L. Davidson, Brian A. Wood, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota, for Defendants.

**INTRODUCTION**

      The main Defendant in this action, Rowland Express, Inc. ("Rowland Express"), is a regional package delivery company. Plaintiffs Raymond Parker and Kyren Pinks are two former Rowland Express truck drivers. They have sued Rowland Express and its owner, James Rowland, alleging that they were improperly classified as independent contractors, rather than employees, while they worked for the company and, as a result, were denied overtime compensation. Plaintiffs now move the Court for an Order conditionally

certifying this case as a "collective action" under the Fair Labor Standards Act so that they may notify other Rowland Express drivers of the pendency of this action and provide them the opportunity to "opt in" to the litigation. For the reasons set forth below, the Court will deny Plaintiffs' Motion.

## BACKGROUND

Rowland Express is a Wisconsin corporation with its principal place of business in Elkhorn, Wisconsin. (Second Amended Complaint ("SAC") ¶ 5.) At all times relevant to the SAC, Rowland Express was a local contractor for DHL Express ("DHL"), a worldwide package delivery service. (Id.) Rowland Express hires drivers to pick up and deliver DHL packages in Minnesota, Illinois, Iowa, and Wisconsin. (Id. ¶ 8.) Parker and Pinks were two such drivers (id. ¶¶ 3-4); both stopped working for Rowland Express in 2006. (Parker Aff. ¶ 2; Pinks Aff. ¶ 2.)

According to Plaintiffs, prior to its affiliation with DHL in 2003, Rowland Express's drivers were classified as "employees" and, hence, entitled to overtime for more than 40 hours of work in a given week. (SAC ¶ 9.) Upon affiliation with DHL, however, Rowland Express changed the classification of its drivers from "employees" to "independent contractors." (Id.) Plaintiffs allege they were intentionally misclassified as independent contractors to allow Rowland Express to avoid paying them overtime. (Id. ¶¶ 25-26.) They commenced the instant action on behalf of themselves and all similarly situated Rowland Express "independent-contractor" delivery drivers, seeking to recover

unpaid overtime compensation under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*[1]

Having conducted some limited discovery, Plaintiffs now move for an Order conditionally certifying this case as a "collective action" under the FLSA. In support of their Motion, Plaintiffs proffer their own Affidavits, in which they state that they are "informed and believe" that other drivers worked in excess of 40 hours per week and did not receive overtime compensation. (Parker Aff. ¶ 8; Pinks Aff. ¶ 8.) Defendants oppose Plaintiffs' Motion, arguing *inter alia* that Plaintiffs have failed to show that other "similarly situated" individuals desire to opt in to this litigation.[2]

## ANALYSIS

The FLSA provides that an action may be maintained "by any . . . employee[] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay overtime. 29 U.S.C. § 216(b). Such an action is known as a "collective action." E.g., Harkins v. Riverboat Servs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004); Smith v. Heartland Auto. Servs., Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (Kyle, J.).

---

[1] Plaintiffs also seek relief under the Employee Retirement Income Security Act of 1974 and under Minnesota and Iowa state law, but those claims are not relevant for purposes of the instant Motion.

[2] Defendants also argue that Plaintiffs have failed to show that Rowland Express implemented a single policy or plan to reclassify drivers as independent contractors. Because the Court concludes that Plaintiffs must, and have failed to, demonstrate that other similarly situated individuals desire to opt in to this litigation, it does not reach this issue.

An FLSA "collective action" differs from a class action under Federal Rule of Civil Procedure 23. In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly "opts out" of the class. By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975); Heartland, 404 F. Supp. 2d at 1149. Courts may facilitate this opt-in process by "authorizing the named Plaintiffs . . . to transmit a notice [of the lawsuit] to potential class members." West v. Border Foods, Inc., Civ. No. 05-2325, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (Frank, J., adopting Report and Recommendation of Erickson, M.J.).

The power to authorize notice, however, "is to be exercised . . . only in 'appropriate cases,' and remains within the discretion of the district court." Id. (quoting Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266 (D. Minn. 1991)). For a district court to authorize such notice, the named plaintiffs must first show that they are "similarly situated to the employees whom [they] seek[] to represent." Mares v. Caesars Entm't, Inc., No. 4:06-cv-0060, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007); accord Heartland, 404 F. Supp. 2d at 1149. Yet, doing so is complicated by the fact that the FLSA nowhere defines the term "similarly situated." As a result, courts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs:

>The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
>
>Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action [then] proceeds as a [collective] action throughout discovery.
>
>The second determination is typically precipitated by a motion for "decertification" by the defendant[,] usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting Mooney v. Aramco Servs. Corp., 54 F.3d 1207, 1213-14 (5th Cir. 1995)); accord West, 2006 WL 1892527, at *2; Heartland, 404 F. Supp. 2d at 1149-50.

Here, Plaintiffs seek an Order conditionally certifying this case as a collective action, in order to notify all potential plaintiffs of the pendency of this lawsuit and to provide them with the opportunity to opt in. Hence, the Court is at the first stage of the two-stage process. Plaintiffs' burden at this stage is not onerous. E.g., Hipp, 252 F.3d at 1218; Harrison v. McDonald's Corp., 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005) (noting that, at first stage, "most courts agree that the standard is fairly lenient"); Heartland, 404 F. Supp. 2d at 1149 (burden at first stage is "not rigorous"). Their burden, however, "is not invisible." Brooks v. A Rainaldi Plumbing, Inc., No. 6:06-cv-631, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006). Ultimately, Plaintiffs must come forward with at least some evidence indicating that this is an "appropriate case" for collective-action status. West,

2006 WL 1892527, at *2. "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." Heartland, 404 F. Supp. 2d at 1149 (citation omitted).

Defendants argue that this is not an "appropriate case" for collective-action status because Plaintiffs have not proffered evidence that other similarly situated individuals desire to opt in. (Def. Mem. at 8-9.) In support of that argument, they rely upon the holding in Dybach v. State of Florida Department of Corrections, 942 F.2d 1562 (11th Cir. 1991).[3] There, the Eleventh Circuit held that a district court "should satisfy itself that there are other employees . . . who desire to 'opt-in'" before conditionally certifying a collective action. Id. at 1567.

Although the Eighth Circuit has not addressed this issue, the Court agrees with Dybach and concludes that, before a conditional-certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt in to the litigation. In the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an "appropriate case" for collective-action treatment. As one court has stated, "[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." Simmons v. T-Mobile USA, Inc., No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007).

---

[3] Plaintiffs do not actually cite Dybach, but instead cite several district court cases that, in turn, rely upon Dybach.

Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. And, if those other, similarly situated persons were to decline to opt in to the case, no purpose would have been served by "certifying" a collective-action "class" – the case ultimately would involve no one other than the plaintiff. Furthermore, if an FLSA plaintiff were required to show only that other potential plaintiffs exist (rather than showing that those potential plaintiffs would actually seek to join the lawsuit), it would

> render preliminary class certification automatic, as long as the Complaint contains the magic words: "Other employees similarly situated." Under this rationale, any plaintiff who is denied overtime pay may file suit under [the] FLSA and, as long as her complaint is well-pled, receive preliminary class certification and send court-approved notice forms to every . . . employee[]. This is, at best, an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant . . . . More importantly, automatic preliminary class certification is at odds with the Supreme Court's recommendation to "ascertain the contours of the [§ 216] action at the outset."

Smith v. Sovereign Bancorp, Inc., No. Civ. A. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003) (citations omitted); see also West, 2006 WL 1892527, at *7 ("neither the remedial purposes of the FLSA, nor the interests of judicial economy, would be advanced if we were to overlook facts which generally suggest that a collective action is improper").[4]

---

[4] It goes without saying that this analysis applies only when there are one or two named plaintiffs. If, for example, *eight* employees together were to commence an FLSA action, it might be unnecessary to show that others desire to opt in to the litigation, since the sheer number of plaintiffs, standing alone, could render the case "appropriate" for collective-action status. Of course, this raises a difficult question: how many plaintiffs is enough to render conditional certification proper without

7

The foregoing analysis is fatal to Plaintiffs' Motion. The only evidence Plaintiffs have proffered about the opt-in class is contained in their Affidavits, in which they state that they are "informed and believe that . . . many other independent contractor driver/couriers worked in excess of forty (40) hours per week and did not receive overtime compensation." (Parker Aff. ¶ 8; Pinks Aff. ¶ 8.) In other words, Plaintiffs aver that other potential plaintiffs may exist. As set forth above, this is insufficient to satisfy Plaintiffs' burden. In the absence of at least *some* evidence indicating that others will opt in to this lawsuit, the Court perceives no basis to conclude that this is an "appropriate case" for collective-action status – it is simply a lawsuit involving two plaintiffs. Accordingly, conditional certification must be denied.

Plaintiffs argue that Dybach's holding is unique to the Eleventh Circuit and should not be applied here, and they seize on language in Kautsch v. Premier Communications, No. 06-CV-4035, 2007 WL 188480, at *5 n.1 (W.D. Mo. Jan. 23, 2007), for the proposition that "no court outside of the Eleventh Circuit requires a showing that other potential plaintiffs wish to opt-in in order to prevail on a motion for conditional certification." (Reply Mem. at 9.) Plaintiffs, however, overstate the language used in Kautsch. That court simply stated that it was *unaware* of any court outside of the Eleventh Circuit that had adopted Dybach's holding. Id. This Court's research, however, discloses that several

---

evidence of additional opt-ins? Although the Court cannot draw a precise numerical line delineating when that question should be answered in favor of conditional certification, it believes that two plaintiffs – as in this case – is insufficient.

courts outside of the Eleventh Circuit have adopted the <u>Dybach</u> approach and have held that FLSA plaintiffs must proffer evidence indicating that others seek to join the lawsuit in order to obtain conditional certification. <u>See, e.g.</u>, <u>Simmons</u>, 2007 WL 210008, at *9 ("The Court concludes that a showing is necessary that at least a few similarly situated individuals seek to join the lawsuit."); <u>Aguirre v. SBC Commc'ns, Inc.</u>, No. Civ. H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006); <u>King v. West Corp.</u>, No. 8:04CV318, 2006 WL 118577, at *12 (D. Neb. Jan. 13, 2006) (Report and Recommendation of Piester, M.J.);[5] <u>Lance v. The Scotts Co.</u>, No. 04-5270, 2005 WL 1785315, at *9 (N.D. Ill. July 21, 2005) (relying on <u>Dybach</u> to deny conditional certification where plaintiff had "failed to come forward with evidence other than his own hearsay" that others desired to opt in); <u>Hargrove v. Sykes Enters., Inc.</u>, No. Civ. 99-110, 1999 WL 1279651, at *4 (D. Or. June 30, 1999); <u>Cash v. Conn Appliances, Inc.</u>, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) ("A showing that there are other employees of the . . . employer who desire to opt in also must be made before a case can proceed as a FLSA collective action.").

At the hearing on Plaintiffs' Motion, Plaintiffs argued that requiring them to proffer evidence that others desire to opt in to this litigation *before* sending notices to the potential class would put them in the "ultimate chicken and egg dilemma." <u>See</u> <u>Severtson</u>, 137 F.R.D. at 267 (describing situation as "chicken-and-egg limbo"); <u>Sperling v. Hoffman-La Roche, Inc.</u>, 118 F.R.D. 392, 406 (D.N.J. 1988) (same). In other words, Plaintiffs claim

---

[5] Notably, Plaintiffs' counsel here, Nichols Kaster & Anderson, PLLP, also was counsel for the plaintiffs in <u>King</u>.

that they do not know the identities of other Rowland Express drivers and, as a result, the only way they can proffer evidence that other drivers seek to opt in to this litigation is to obtain conditional certification, discover the identities of the other drivers, and then send notice of this action to those drivers. This argument is unpersuasive, for two reasons. First, an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action. E.g., Mackenzie v. Kindred Hosps. East, L.L.C., 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003); Severtson, 137 F.R.D. at 267 (noting that courts "have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation"). Second, Parker worked for Rowland Express *for five years*. Given this fact, it is not unreasonable to require Plaintiffs to submit evidence of additional drivers who desire to join this litigation before conditional certification is granted. Indeed, the length of Parker's tenure with the company suggests that he likely knows the identity of several other Rowland Express drivers. Accordingly, it should not be an insurmountable hurdle for him to contact those drivers about opting in to this litigation.[6]

---

[6] It is conceivable that in certain circumstances, such as when an employee worked for an employer for only a short period of time, it might be appropriate to permit some discovery as to the identity of other similarly situated employees. Because the Court is not confronted with such a situation here, it expresses no opinion on that issue.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for Conditional Collective Action Certification (Doc. No. 15) is **DENIED**.

Dated: June 25, 2007

      s/ Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge