**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

RAYMOND PARKER, ET AL.,                                  Civil No. 06-4821 (RHK/AJB)

                Plaintiffs,

v.                                                                              **REPORT AND RECOMMENDATION**

ROWLAND EXPRESS, INC., ET AL.,

                Defendants.

The above matter came on for hearing to Show Cause [Docket No. 99] before the undersigned on June 25, 2008. Steven Andrew Smith, Esq., and Adrianna S. Haugen, Esq., appeared for the Plaintiffs, Raymond Parker and Kyren Pinks, individually and on behalf of others similarly situated. William L. Davidson, Esq., appeared for Defendants, Rowland Express, Inc., its health and welfare benefits plans and/or plan administrators, John Does 1-6, and James Rowland individually. The action has been referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Based upon the file and documents contained therein the Magistrate Judge makes the following:

**FINDINGS OF FACT**

**The Present Litigation**

On December 8, 2006, Plaintiff Raymond Parker filed a Minn. R. 23 class and Fair Labor Standards Act ("FLSA") collective action complaint in the United States District Court for the District of Minnesota on behalf of himself and other similarly situated individuals. See Compl.

1

[Docket No. 1]. Mr. Parker alleged that Rowland Express improperly classified him and other Rowland Express delivery drivers as "independent contractors," thereby depriving them of substantial benefits they would have received as "employees" under Minnesota state and federal law. Id. Mr. Parker brought claims under: (1) the FLSA, 29 U.S.C. § 201 et seq.; (2) the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.; (3) the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. § 177.21 et seq.; (4) Minn. Stat. § 181.79; and (5) for unjust enrichment. Plaintiff Kyren Pinks, who worked as a driver for Rowland Express in Iowa, joined the action on April 24, 2007, adding Rule 23 class claims on behalf of himself and other similarly situated individuals under: (1) the Iowa Wage payment Collection Law ("IWPCL"), Iowa Code § 91A.1 et seq.; and (2) for unjust enrichment. See Am. Compl. [Docket No. 21].

Although the District Court denied Plaintiffs' Motion for Conditional Collective Action Certification with respect to the nationwide FLSA claims on June 25, 2007, Plaintiffs' individual FLSA claims and all other Rule 23 class claims remained at issue in this case. See Mem. & Order [Docket No. 46]. Plaintiffs continue to allege that they and other "independent contractor" drivers/couriers suffered lost wages and lost benefits as a result of Defendants' practice of classifying said drivers/couriers as "independent contractors," rather than employees. See [Docket No. 39].

**Discovery Disputes**

On October 15, 2007, Plaintiffs' filed a Motion to Compel [Docket No. 51] requesting that Defendants: (1) provide answers and responses to discovery requests pertaining to Plaintiff Kyren Pinks; (2) fully disclose Defendants' current and past local contractor agreements and

similar documents and agreements; (3) identify judicial or other administrative proceedings or investigations relating to Defendants' employment practices, wages, hours, or manner of compensating drivers/couriers; and (4) identify all drivers/couriers whom Defendants classified as "independent contractors" during the applicable statutory period, their supervisors, and Plaintiffs' coworkers.

On November 14, 2007, the Court ordered that Defendants had until November 21, 2007, to respond to Plaintiffs' discovery requests (1) to (3) above, and until November 28, 2007, to respond to (4). See Order [Docket No. 58]. The parties entered a Stipulation to Dismiss the Motion to Compel [Docket No. 59] the next day because Defendants agreed to respond to Plaintiffs' discovery requests. The Court dismissed Plaintiffs' Motion to Compel as moot on November 19, 2007 [Docket No. 60].

On December 12, 2007, Plaintiffs' filed a Motion for Sanctions [Docket No. 65] alleging that Defendants failed to comply with the Court's November 14, 2007, Order. The Court granted Plaintiffs' motion for sanctions [Docket No. 77] on January 7, 2008, and then ordered that Defendants had until January 20, 2008, to respond to Plaintiffs' discovery requests addressed in their October 2007 motion. Defendants were further ordered to pay Plaintiffs' attorney's fees and costs associated with bringing its motion, as well as fees and costs relating to the November 2007 orders in the amount of $10,778.20.

On February 1, 2008, Plaintiffs filed a second Motion for Sanctions and an Order for Contempt [Docket No. 79] against Defendants for failure to comply with the Court's January 7, 2008, Order. The Court granted Plaintiffs' motion for sanctions and denied its motion for contempt on March 10, 2008. See Order [Docket No. 96]. Once again, Defendants were ordered

that they had until April 25, 2008, to respond to Plaintiffs' discovery requests. Defendants were also ordered to pay Plaintiffs' attorney's fees and costs in the additional amount of $5,845.76.

At this time, Defendants have yet to comply with said orders. On April 29, 2008, Plaintiffs filed a letter with the Court requesting that Defendants be found in contempt of court, that further reasonable fees and costs be ordered, and that this Court recommend to the District Judge that default be entered in this matter. See Letter [Docket No. 98].

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(b)(2) states in pertinent part:

> If a party or a party's officer, director, or managing agent...fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:...(iii) striking pleadings in whole or in part [or]...rendering a default judgment against the disobedient party...

"District courts have wide latitude in fashioning an appropriate sanction." Monsanto Co. v. Ralph, 382 F.3d 1374, 1380 (Fed. Cir. 2004)(applying Eighth Circuit law).[1] Striking a party's pleadings and entering default judgment for blatant disregard of court orders and rules is within the range of appropriate sanctions under Fed. R. Civ. P. 37. Id. (citing Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999)); see also Denton v. Mr. Swiss of Missouri, Inc., 564 F.2d 236, 240 (8th Cir. 1977)(finding that when a party's willfulness or bad faith is involved with the failure to make discovery, the sanction of dismissal is proper, particularly when such failure makes it impossible to determine the factual merits of claims).

In this case, Defendants are in clear violation of Rule 37(b)(2) for failure to produce

---

[1] The Federal Circuit applies the law of the regional circuit from which the case arose when reviewing sanction orders. Monsanto, 382 F.3d at 1380.

responses to discovery or to pay attorney's fees as required by the Court's Orders dated November 19, 2007; January 7, 2008; and March 10, 2008. They have provided no satisfactory explanation for their failure to respond to Plaintiffs' previous requests or the Court's orders. In fact, Defendants provided no response whatsoever to this Court explaining their non-compliance at the hearing to show cause on June 25, 2008. Defendants' failure to respond exhibits deliberate and intentional disregard of the responsibilities that parties and their counsel owe to the Court and to opposing parties and their counsel. Like the defendant in <u>Monsanto</u>, Defendants' conduct has undermined "[t]he integrity of this Court and our judicial system." <u>Id.</u> at 1379.

This Court did consider the possibility of imposing a less serious sanction than default in this instance. However, the Court has already imposed less onerous sanctions on Defendants to no effect. Under these circumstance, a lesser sanction is not appropriate and the court is left with little choice but to strike Defendants' pleadings and enter default judgment.

It should also be noted that Defendant Rowland Express, Inc., filed a voluntary petition for liquidation under Chapter 7 in the United States Bankruptcy Court for the Eastern District of Wisconsin on May 30, 2008. Under 11 U.S.C. § 362(a)(1), a petition in bankruptcy operates to stay the "continuation...of a judicial, administrative, or other action or proceeding against the debtor that was...commenced before the commencement of the [bankruptcy proceeding]." The stay is automatic and mandatory with the filing of the petition (see <u>Cathey v. Jones-Manville Sales Corp.</u>, 711 F.2d 60, 62 (6th Cir. 1983)), and therefore a motion for stay need not be made in this court or the bankruptcy court. See 2 <u>Collier on Bankruptcy</u> ¶ 362.03 (15th ed. 1985)(stay effective on date of filing). Relief from the effect of the automatic stay provisions of § 362(a)(1) must be sought from the bankruptcy court pursuant to § 362(d). See <u>In re Holtkamp</u>, 669 F.2d

505, 507 (7th Cir. 1982). Therefore, since this action commenced before the commencement of the bankruptcy proceeding, an automatic and mandatory stay is thereby placed on the proceedings against Defendants Rowland Express, Inc., and the John Does 1-6 in this case. However, the bankruptcy petition does not preclude this Court from entering judgment against Mr. James Rowland individually.

## RECOMMENDATION

For all the above reasons, the undersigned **recommends** that individual Defendant James Rowland's Answer be stricken and default judgment be entered pursuant to Fed. R. Civ. P. 37(b)(2). With respect to Defendants Rowland Express, Inc., and the John Does 1-6, the parties should be directed to inform the Court when the bankruptcy court grants relief from the automatic stay or that stay lapses. At that time, the Court would release its decision to said Defendants.

Dated:   July 7, 2008

　　　　　　　　　　　　　　　　　　　　　  s/ Arthur J. Boylan
　　　　　　　　　　　　　　　　　　　　　Arthur J. Boylan
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

　　　　Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before   **July 17, 2008**    .