# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Raymond Parker, *et al.*,

               Plaintiffs,

                                  Civ. No. 06-4821 (RHK/AJB)
                                  **ORDER FOR JUDGMENT**

v.

Rowland Express, Inc., its health and
welfare benefit plans and/or plan
administrators, John Does 1-6, and James
Rowland,

               Defendants.

---

This matter is before the Court upon Plaintiffs' Motion for an Award of Damages, Costs, and Attorneys' Fees (Doc. No. 111). In that Motion, Plaintiffs seek judgment of approximately $3 million against Defendant James C. Rowland, individually, and Defendant Rowland Express. Inc., both of which have had default judgments entered against them in as-yet undetermined amounts.

On May 12, 2009, the Court issued an Order to Show Cause (Doc. No. 118) requiring Defendants to show cause in writing, on or before May 26, 2009, why Plaintiffs' Motion should not be granted. Defendants were expressly warned, in no uncertain terms, that their "failure to respond to this Order to Show Cause will result in judgment being entered in the full amount sought by Plaintiffs." Notwithstanding that warning, Defendants have failed to respond to the Order to Show Cause.

Based on Defendants' failure to respond to the Order to Show Cause and the Court's review of Plaintiffs' Motion papers, the Court determines that Plaintiffs are entitled to the relief requested in the Motion.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiffs' Motion for an Award of Damages, Costs, and Attorneys' Fees (Doc. No. 111) is **GRANTED**. Plaintiffs are entitled to judgment against the Defendants James C. Rowland and Rowland Express. Inc.,[1] jointly and severally, as follows:

1. Plaintiff Raymond Parker shall recover of Defendants $411,007.73;

2. Plaintiff Donna Williams shall recover of Defendants $257,307.53;

3. Plaintiff Antonio Flowers shall recover of Defendants $101,997.85;

4. Plaintiff Scott Burdick shall recover of Defendants $385,710.00;

5. Plaintiff George LaLonde shall recover of Defendants $270,975.00;

6. Plaintiff Joseph Baber shall recover of Defendants $201,458.60;

7. Plaintiff Joseph Oberton shall recover of Defendants $743,204.22;

8. Plaintiff Kyren Pinks shall recover of Defendants $82,754.66;

9. Plaintiff Christopher Heisler shall recover of Defendants $95,368.00; and

10. Plaintiff James Watkins shall recover of Defendants $198,156.00.

---

[1] As noted in Plaintiffs' Motion papers, Defendant Rowland Express, Inc. is in bankruptcy, but Plaintiffs have obtained relief from the automatic stay to the extent that they seek to collect from property abandoned by the bankruptcy estate. Rowland Express, Inc.'s liability, therefore, shall be limited to property abandoned by the bankruptcy estate, pending final resolution of the bankruptcy proceedings.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees and costs is **GRANTED**. Plaintiffs shall recover of Defendants James C. Rowland and Rowland Express, Inc., jointly and severally, the sum of $214,899.08, comprising $209,323.75 in attorneys' fees and $5,575.33 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 4, 2009                                    s/Richard H. Kyle
                                                                      RICHARD H. KYLE
                                                                      United States District Judge